IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:14-cr-68–HEH |
| ) | |
| CLYDE MAURICE NEBLETT, ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION**
**(Granting 28 U.S.C. § 2255 Motion)**

Clyde Maurice Neblett, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 15), challenging his conviction of discharging a firearm during an attempted Hobbs Act robbery under *United States v. Davis*, 139 S. Ct. 2319 (2019). The Government has filed a "Motion to Correct Judgment," that despite its title, asks the Court to vacate Neblett's conviction for Count One. (ECF No. 28.) Specifically, the Government concludes its brief by requesting that "this Court enter an order vacating the defendant's conviction and the 10-year sentence imposed in case 3:14cr0068." (*Id.* at 4.) The Court notes at the outset of this opinion that Neblett and counsel for the Government made errors that have complicated the Court's resolution of this § 2255 Motion. Nevertheless, for the reasons stated below, the § 2255 Motion will be granted.

### I.   PROCEDURAL HISTORY

On May 14, 2014, Neblett waived indictment (ECF No. 5) and pled guilty to a one-count Criminal Information charging him with Possession, Brandishing, and

Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) (Count One) (ECF No. 6 at 1). The Statement of Facts supporting the Plea Agreement provided as follows:

> 1. On or about January 23, 2013, the defendant, CLYDE MAURICE NEBLETT, a.k.a. "Snow," did use, carry, possess, brandish, and discharge a firearm during and in relation to a crime of violence, to wit: attempted robbery, as set forth in Count Two of the Criminal Information.[1]
> 2. In December, 2012, January, 2013, and April, 2013, law enforcement officers responded to reports of robberies that had taken place in Richmond, Virginia and Chesterfield County, Virginia metropolitan areas.
> 3. Based upon an investigation conducted into these robberies by both Federal and State law enforcement agencies, including the Federal Bureau of Investigation; the Bureau of Alcohol, Tobacco, Firearms, and Explosives; the Richmond Police Department; the Chesterfield Police Department; and other law enforcement agencies, information revealed that CLYDE MAURICE NEBLETT, along with others, known and unknown had conspired to commit multiple robberies of individuals whom NEBLETT and his co-conspirators believed were in possession of and distributing Schedule I and II controlled substances, including, but not limited to, marijuana and cocaine.
> 4. During this same time period, NEBLETT, conspired to commit no less than three separate Hobbs Act Robberies, which involved home invasions or attempted home invasions. During each of the three robberies identified by law enforcement, NEBLETT possessed, displayed, and brandished a firearm.
> 5. On January 23, 2013, NEBLETT and others planned the robbery of an individual whom NEBLETT believed was distributing controlled substances. During this attempted robbery, NEBLETT possessed, brandished, and ultimately discharged a shotgun, firing it into the residence.
> . . . .
> 8. The defendant, CLYDE MAURICE NEBLETT, a.k.a. "Snow," did commit the acts set forth in Count One of the pending Criminal

---

[1] The Criminal Information does not have a Count Two. (ECF No. 1). In his § 2255 Motion, Neblett also confusingly suggests that his crimes were "Conspiracy to Interfere with Commerce by Threats and Violence, 18 U.S.C. § 1951(a) (Count One); Discharge of a Firearm During and In Relation to a Crime of Violence, 18 U.S.C. § 924(c) (Count Two) . . . ." (ECF No. 15 at 6 (capitalization and punctuation corrected).) However, Neblett clearly pled guilty to Count One of a one-count Criminal Information charging him with Possession, Brandishing, and Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). (ECF No. 6 at 1.) Neblett did not plead guilty to an attempted Hobbs Act robbery count.

> Information, and he did so knowingly, intentionally, and unlawfully, without legal justification or excuse, and with the specific intent to do that which the law forbids, and not by mistake, accident or any other reason.

(ECF No. 7 at 1–3.)

The same day as Neblett pled guilty, the Court entered judgment against Neblett and sentenced him to a total of 120 months of imprisonment. (ECF No. 8 at 2.) Neblett did not appeal. On June 29, 2020, Neblett filed the present § 2255 Motion.

Initially, on September 9, 2020, the Government filed its response arguing that attempted Hobbs Act robbery remains a crime of violence after *United States v. Davis*, 139 S. Ct. 2319 (2019). (ECF No. 17.) However, after the Government filed its response, the United States Court of Appeals for the Fourth Circuit held that, "[b]ecause the elements of attempted Hobbs Act robbery do not invariably require 'the use, attempted use, or threatened use of physical force,' the offense does not qualify as a 'crime of violence' under [18 U.S.C.] § 924(c)." *United States v. Taylor*, 979 F.3d 203, 205 (4th Cir. 2020). On July 2, 2021, the United States Supreme Court granted the Government's petition for Writ of Certiorari in *Taylor*. *See United States v. Taylor*, 141 S. Ct. 2882 (2021). Because the Government's September 9, 2020 response and the arguments contained therein no longer reflected the current state of the law in the Fourth Circuit, this Court directed the Government to file a further response within thirty (30) days of the Supreme Court's decision in *Taylor*, that addresses its impact on the present § 2255 Motion.

On June 21, 2022, the Supreme Court affirmed the decision of the Fourth Circuit. *United States v. Taylor*, 142 S. Ct. 2015, 2026 (2022). Accordingly, for the reasons

3

stated below, the Court must vacate Neblett's conviction and resulting 120-month sentence.

## II. ANALYSIS

In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." *Id.* at 606.[2] The *Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 596–97 (citation omitted). Subsequently, in *Welch v. United States*, 578 U.S. 120 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 127.

---

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

4

In his § 2255 Motion, Neblett asserts that after *Johnson*, attempted Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction must be vacated.

### A. Attempted Hobbs Act Robbery Cannot Serve as a Valid Predicate Crime of Violence for the § 924(c) Charge in Count One

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

At the time of Neblett's conviction, the United States could demonstrate that an underlying offense constitutes a crime of violence if it established that the offense is a felony and satisfies one of two requirements. Namely, the statute defined a crime of violence as any felony:

> (A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Elements Clause")], or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the Residual Clause. *Davis*, 139 S. Ct. at 2336 (holding that "§ 924(c)(3)(B) is unconstitutionally vague"). Therefore, in order for Neblett's § 924(c) conviction to remain valid, it must be predicated upon a valid

5

crime of violence under the Elements Clause.

As explained above, the Supreme Court has determined that attempted Hobbs Act robbery fails to satisfy the Elements Clause. *Taylor*, 142 S. Ct. at 2025–26. Accordingly, attempted Hobbs Act robbery cannot serve as a valid predicate crime of violence for the § 924(c) conviction.

### B.   The Judgment Must Be Vacated

In light of *Davis*' invalidation of the Residual Clause and the Supreme Court's determination in *Taylor* that attempted Hobbs Act robbery is not a valid predicate violent felony under the Elements Clause, Neblett's conviction for Count One and the resulting 120-month sentence is no longer valid.

Confoundingly, the Government filed a Motion to Correct Judgment (ECF No. 28)[3] instead of a response simply conceding that Neblett is entitled to relief in the form of vacating his conviction and resulting sentence. The Motion to Correct Judgment discusses not only this criminal case, but Neblett's additional criminal case where he pled guilty to two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), *see United States v. Neblett*, No. 3:13-cr-198–HEH (E.D. Va. Aug. 27, 2013). That case and those particular firearm convictions are not at all the subject of this § 2255 Motion and are not before the Court for review.[4] In the Motion to Correct

---

[3] The Government filed two versions of the Motion to Correct Judgment. (ECF Nos. 27, 28.) The Court assumes that the second version filed, designated in the docket text as "Amended" (ECF No. 28) is the submission that the Government wishes the Court to consider.

[4] Perhaps the Government's references to Criminal No. 3:13CR198 was made in an abundance of caution based on the procedural history of this case and to avoid any confusion to Neblett. By Memorandum Order entered on August 12, 2021, the Court explained as follows:

6

Judgment, the Government concludes: "Based on the foregoing, the United States respectfully asks this Court to enter an Order vacating the defendant's conviction and the 10-year sentence imposed in case 3:14cr0068, while leaving in place his post-trial convictions and the 20-year sentence imposed (as well as the six year term of supervised release, the $200 special assessment, and the forfeiture order) in case 3:13cr00198." (*Id.* at 4.) Thus, it appears that despite asking the Court to correct the judgment, the Government truly agrees that the Court must vacate Count One and the resulting 120-month sentence.

---

On June 29, 2020, Petitioner filed a motion to vacate under 28 U.S.C. § 2255. ("§ 2255 Motion, ECF No. 50.) In his § 2255 Motion, Petitioner challenges his conviction of discharging a firearm during an attempted Hobbs Act robbery under *United States v. Davis*, 139 S. Ct. 2319 (2019). (*Id.* at 1–2.) Because Petitioner referenced the case number 3:13CR198, the Clerk docketed the § 2255 Motion in this criminal case. On July 9, 2020, the Court directed the Government to respond to the § 2255 Motion.

On September 9, 2020, the Court received the Government's Response. (ECF No. 52.) As a preliminary matter, the Government explains that:

> [D]efendant filed his § 2255 motion in this case challenging his conviction under 18 U.S.C. § 924(c), but that conviction occurred in a separate case and judgment. *See* 3:14cr66. In the interests of efficiency, the government has no objection to the Court allowing the defendant to refile his motion in the correct case (or deeming it filed as such), and provides this response to the merits of the motion.

(*Id.* at 1.) A review of the docket in the present case reflects that Petitioner was convicted of two counts of felon in possession of firearm/ammunition charges under 18 U.S.C. § 922(g). (ECF No. 47.) Petitioner was not convicted of either attempted Hobbs Act robbery or a § 924 firearm offense. However, the record reflects that the § 924(d) conviction Petitioner intends to challenge in his § 2255 Motion were charged in Criminal No. 3:14CR68–HEH, not in No. 3:14CR66–HEH, as the Government suggests.

(ECF No. 14, at 1–2 (alteration in original) (footnote omitted)). Accordingly, the Court terminated the § 2255 Motion filed in 3:13CR198 and moved it to this criminal action.

7

Therefore, because attempted Hobbs Act robbery is an invalid predicate for a conviction pursuant to § 924(c), Neblett's conviction and sentence must be vacated.

### III. CONCLUSION

The § 2255 Motion (ECF No. 15) will be granted. Neblett's Motion to Appoint Counsel (ECF No. 23) will be denied as moot. Neblett's conviction and 120-month sentence will be vacated. The Motion to Correct Judgment (ECF Nos. 27, 28) will be denied as moot. The Judgment will be vacated.[5]

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Sept. 26, 2022
Richmond, Virginia

---

[5] The Court notes that according to the Bureau of Prisons website, Neblett has other sentences to serve and is not projected to be released until May 27, 2039. *See* FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc (last visited Sept. 19, 2022).